IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:16-CV-77-BO

| | | |
|---|---|---|
| WILLIE THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| WALGREEN COMPANY and AANAL PATEL, a Walgreen employee, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This cause comes before the Court on plaintiff's motion to remand this matter to Cumberland County Superior Court. Defendants oppose remand. Also pending before the Court are defendants' motion for summary judgment and plaintiff's motion for extension of time to respond, as well as defendants' motion to seal. For the reasons that follow, this matter is remanded to state court.

## BACKGROUND

Plaintiff filed this action in the North Carolina Superior Court in Cumberland County on January 13, 2016. The matter was removed to this Court pursuant to its federal question jurisdiction based upon 42 U.S.C. § 1983 claims against defendants City of Fayetteville, Ramon Herrera, Andrew Dickinson, and Thomas Marshburn. Following removal, plaintiff voluntarily dismissed defendants City of Fayetteville, Hererra, Dickinson, and Marshburn and the federal question claims alleged against them. Now remaining are plaintiff's North Carolina state tort law claims against defendants Walgreen Company and Aanal Patel.

## DISCUSSION

A court has the inherent authority to remand state law claims after federal question claims have been resolved or dismissed. *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 617 (4th Cir. 2001). In determining whether remand is appropriate in this circumstance, a court considers whether the state claw claims involve complex or novel issues of state law, whether state law claims predominate, whether federal claims remain, and whether the principles of convenience, fairness, and economy weigh in favor of remand. *Id.* (citing 28 U.S.C. § 1367(c) and *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)).

Here, there are no federal claims which remain to be decided and state law claims predominate. Further, the Court finds that principles of convenience, fairness, and economy weigh in favor of remand as plaintiff describes his remaining claims as "routine, straight forward claims under North Carolina state tort law." [DE 57 at 2]. Although this case has proceeded through discovery and a dispositive motion has been filed, the motion may be considered by the state court and any inconvenience suffered by defendants does not outweigh the factors which support remand.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand [DE 56] is GRANTED. The clerk is DIRECTED to remand this case to Cumberland County Superior Court. The Court has not considered the remaining pending motions, which shall be remanded for consideration by the state court.

SO ORDERED, this 27 day of September, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2